**UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In Re: | : | CHAPTER 11 |
| MORTGAGE LENDERS NETWORK | : | |
| USA, INC. | : | CASE NO.: 07-10146(PJW) |
| Debtor | : | |

**MOTION TO ENJOIN THE STATE OF CONNECTICUT FROM CRIMINAL PROSECUTION PURSUANT TO 11 U.S.C. § 105**

Mitchell Heffernan, director and former chief executive officer and president of Mortgage Lenders Network USA, Inc. ("Debtor"), hereby moves to enjoin the State of Connecticut from commencing criminal prosecution against him personally in order to collect unsecured debts of the Debtor for employee commissions. In support of this motion, Mitchell Heffernan alleges as follows:

1. On February 5, 2007, Mortgage Lenders Network USA, Inc. ("Debtor") filed a voluntarily petition for relief under Chapter 11 of the United States Code, 11 U.S.C. §1101 et seq.

2. Mitchell Heffernan is a director and former chief executive officer and president of the Debtor.

3. During the approximate 45 day period prior to the filing of the bankruptcy petition, the Debtor's largest secured creditor, Residential Funding Company, LLC ("RFC") (vice president Thomas Kelly), RFC's restructuring consultant, Navigant Capital Advisors, LLC ("Navigant") (managing partner Edward Casas), and Debtor's restructuring consultant Scouler Andrews (principal Daniel Scouler) took over the cash management of the Debtor. All financial transactions and payments to creditors were required to be approved by RFC and Navigant.

4. Mitchell Heffernan had no control over payments to any of Debtor's creditors, including, but not limited to, employee commissions from mid December 2006 through the date the bankruptcy petition was filed, February 5, 2007.

5. In addition, Mr. Heffernan was directed by: (a) Debtor's bankruptcy counsel, James Stang, Esquire, (b) Thomas Kelly at RFC, (c) Edward Casas at Navigant, and (d) Daniel Scoular at Scoular Andrews, not to pay any commissions to employees because (1) the commissions were disputed and (2) the Bankruptcy Court would require the commission payments to be repaid to the Debtor as preferential payments.

6. Connecticut General Statute §31-71(b) and (g) provides that: "Any employer or **any officer or agent of an employer** or any other person authorized by an employer to pay wages who violates any provision…" of the statute may be fined or imprisoned for failure to pay wages to employees. Connecticut General Statute §31-72 provides that the Connecticut Labor Commissioner may commence a civil action to collect employee wage claims.

7. Since last week Gary Pechie of the Connecticut Department of Labor has granted on-camera interviews and press interviews to the Hartford Courant and other local media confirming that the Connecticut Department of Labor requested an arrest warrant for Mr. Heffernan personally arising out of the disputed commissions the Debtor did not pay at the direction of RFC and Navigant.

8. The Connecticut State Attorney in Middletown, Connecticut presently has on his desk an arrest warrant submitted by the Department of Labor for Mr. Heffernan for Debtor's failure to pay employee commissions.

9.  Counsel for Mr. Heffernan, Robert Scandone, Esquire, has been in contact with both the State Attorney's Office in Middletown, Connecticut and the State Attorney General's Office in Hartford, Connecticut.

10. The Department of Labor and State's Attorney General's Office are trying to use this criminal statute to collect prepetition commissions.

11. The arrest of Mr. Heffernan for following the directions of bankruptcy counsel, RFC, Navigant and Scoular, and the procedures of the bankruptcy court cannot and should not be permitted.  Bankruptcy Courts have enjoined criminal prosecution against directors and officers of corporate debtors where the proceeding is intertwined with the bankruptcy case.  See, e.g., In re Jerzak, 47 B.R. 771 (W.D. Wis. 1985), In re Bicro Corporation, 105 B.R. 255 (M.D. Pa.1988), In re Dettler Farms, 58 B.R. 404 (D. S.Dak. 1986) and In re Caldwell, 5 B.R. 740 (W.D. Va. 1980).

12. Counsel for Mr. Heffernan has informed Daniel Scouler and the Debtor's bankruptcy counsel James Stang, Esquire, of their intent to file this motion, and counsel for Mr. Heffernan believe that they will join in with this request.

WHEREFORE, Mitchell Heffernan respectfully requests this Honorable Court to enjoin the State of Connecticut from commencing criminal prosecution against Mitchell Heffernan during these bankruptcy proceedings.

Respectfully submitted,

BY: _____/S/_____
    ROBERT SCANDONE, ESQUIRE
    1800 John F. Kennedy Blvd, Suite 200
    Philadelphia, PA 19103
    (215) 563-6571
    ATTY I.D. No. 15181

        and

POZZUOLO & PERKISS, P.C.

BY: _____/S/_____
    GARY M. PERKISS, ESQUIRE
    2033 Walnut Street
    Philadelphia, PA 19103
    (215) 977-8200
    ATTY I.D. No. 30324
    Attorneys for Mitchell Heffernan