IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MORTGAGE LENDERS NETWORK USA, INC. | ) | Case No. 07-10146 (PJW) |
| | ) | |
| | ) | |
| Debtor. | ) | |

**Objection Deadline: October 13, 2009 at 4:00 p.m. (ET)**
**Hearing Date: October 20, 2009 at 10:30 a.m. (ET)**

## LIQUIDATING TRUSTEE'S FIRST OMNIBUS
## OBJECTION TO CLAIMS ON NON-SUBSTANTIVE GROUNDS

Neil F. Luria, the liquidating trustee (the "Liquidating Trustee") of the chapter 11 estate of Mortgage Lenders Network USA, Inc. (the "Debtor"), by and through his undersigned counsel, hereby objects to each of the claims identified on **Exhibits A** through **C** attached hereto (collectively, the "Disputed Claims") and requests that the Bankruptcy Court enter an Order disallowing and expunging each of the Disputed Claims, as set forth below (the "Omnibus Claim Objection"). This Omnibus Claim Objection addresses certain secured, administrative, priority, and/or general unsecured claims that fall within the categories described in this Omnibus Claim Objection and identified in the attached Exhibits. In support of this Omnibus Claim Objection, the Liquidating Trustee states the following:

**ATTENTION ALL PERSONS AND ENTITIES THAT HAVE FILED A CLAIM: Please take notice that if a claim that you filed against the Debtor is identified on any of the Exhibits that are attached to this Omnibus Claim Objection as Exhibits A through C, the Liquidating Trustee has objected to that claim through this Omnibus Claim**

132578.01600/21796067v.3

**Objection.  <u>A claim may be listed on more than one Exhibit, so be sure to review all Exhibits</u>.  This Omnibus Claim Objection therefore directly affects your rights, and your claim may be reduced, modified, reclassified, or disallowed as a result of the relief sought by the Liquidating Trustee in this Omnibus Claim Objection.  Please carefully review the accompanying Notice for important information regarding the date of the hearing on this Omnibus Claim Objection, as well as the deadlines and procedures for filing a response to this Omnibus Claim Objection.  Responses to this Omnibus Claim Objection should be filed with the Bankruptcy Court and served on the Liquidating Trustee's undersigned counsel.  If you or your attorney do not respond to this Omnibus Claim Objection by the deadline set forth in the Notice, the Bankruptcy Court may decide that you have waived any right to oppose the objection to your claim.  If you have questions as to why your claim is identified on any of the Exhibits to this Omnibus Claim Objection, please contact Josef Mintz at (215) 569-5500.**

## Jurisdiction

1. The Bankruptcy Court has jurisdiction over this matter pursuant to 27 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## Background

2. On February 5, 2007 (the "<u>Petition Date</u>"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>").

132578.01600/21796067v.3

3. On December 19, 2008, the Debtor filed the *First Amended Plan of Liquidation of Mortgage Lenders Network USA, Inc. Under Chapter 11 of the Bankruptcy Code* (the "<u>Plan</u>") (Docket No. 2414).

4. On February 3, 2009, this Court entered an order confirming the Plan (the "<u>Confirmation Order</u>") (Docket No. 2589).

5. On June 10, 2009 (the "<u>Effective Date</u>"), the Plan became effective. Pursuant to the Plan and the Mortgage Lenders Network Liquidating Trust Agreement, a trust was created and, on the Effective Date, all of the remaining assets of the Debtor's estate were transferred into such trust (the "<u>MLN Trust</u>"). The Plan and the Mortgage Lenders Network Liquidating Trust Agreement designated Neil F. Luria as the Liquidating Trustee to wind up the Debtor's estate and to administer the MLN Trust.

**The Bar Date and Claims Generally**.

6. February 1, 2008 was established as the general bar date in these cases for all claims against the Debtor arising prior to the Petition Date. February 1, 2008 was also established as the bar date for any "governmental unit" as defined in section 101(27) of the Bankruptcy Code. With respect to claims in connection with the rejection of an executory contract or unexpired lease of the Debtor, the deadline for filing such claims was the later of the general bar date (February 1, 2008) or thirty days from the date of the order rejecting such contract or lease. With respect to any claims in connection with contracts or leases rejected pursuant to the Plan, the deadline for filing such claims was the earlier of July 10, 2009 or thirty days following an order of the Bankruptcy Court approving such rejection.

3
132578.01600/21796067v.3

7. February 1, 2008, was established as the bar date in this case for administrative expense claims arising between the Petition Date and October 31, 2007 or claims under Bankruptcy Code § 503(b)(9), whether arising prior to the Petition Date (except those claims for professional fees).

8. To date, approximately 1,000 claims have been filed against the Debtor. The Liquidating Trustee has begun to analyze these claims and has determined that certain of the claims asserted against the Debtor's estate should not be allowed as filed and, for the reasons set forth below, should be disallowed.

## Relief Requested

9. By this Omnibus Claim Objection, the Liquidating Trustee seeks to disallow and expunge the Disputed Claims set forth in **Exhibits A** through **C** attached hereto, for the reasons described below and in the attached Exhibits. Pursuant to Article V of the Plan and Article III of the Mortgage Lenders Network Liquidating Trust Agreement, the Liquidating Trustee and the MLN Trust have the right and standing to make and file objections to claims.

## Books and Records

10. The Debtor maintained, in the ordinary course of its business, books and records (the "Books and Records") that reflect, among other things, the Debtor's liabilities and the amounts believed to be owed to its creditors.

11. The Liquidating Trustee has undertaken a review of certain of the Debtor's Books and Records and the proofs of claim filed against the Debtor, and, for the

4

reasons detailed below, has determined that certain of the proofs of claim are properly the subject of an objection on one or more grounds.

## Claim Objections

**Duplicate Claims**

12. The Liquidating Trustee objects to the claims listed on **Exhibit A** attached hereto (the "Duplicate Claims"), pursuant to section 502(b)(1) of the Bankruptcy Code, because such claims are duplicative of another claim filed by the respective claimant against the Debtor. Therefore, the Duplicate Claims listed in the third column of **Exhibit A** labeled "Duplicate Claim to be Expunged" should be disallowed. If the relief sought against a creditor in this Omnibus Claim Objection is granted, the claimant will continue to hold the duplicate claim that is listed in the second column of **Exhibit A** labeled "Remaining Claim Number" that is identical to the disallowed claim.

13. If the Duplicate Claims are allowed, the holders of such claims will receive an unwarranted recovery in an improper amount to the detriment of the remaining creditors of the Debtor's estate.

**Amended and Superseded Claims**

14. The Liquidating Trustee objects to the claims listed on **Exhibit B** attached hereto (the "Amended Claims"), pursuant to section 502(b)(1) of the Bankruptcy Code, because such claims have been amended by a subsequently filed claim. Therefore, the Amended Claims listed in the third column of **Exhibit B** labeled "Amended Claim to be Expunged" should be disallowed. If the relief sought against a creditor in this Omnibus Claim Objection is granted,

5

the claimant will continue to hold the subsequent claim that is listed in the second column of **Exhibit B** labeled "Remaining Claim Number" that amends the disallowed claim.

15. If the Amended Claims are allowed, the holders of such claims will receive an unwarranted recovery in an improper amount to the detriment of the remaining creditors of the Debtor's estate.

**Late Filed Claims**

16. The Liquidating Trustee objects to the claims listed on **Exhibit C** attached hereto (the "Late Filed Claims"), pursuant to section 502(b)(9) of the Bankruptcy Code, because such claims were filed after the relevant claims bar date. Therefore, the Late Filed Claims listed on **Exhibit C** should be disallowed.

17. If the Late Filed Claims are allowed, the holders of such claims will receive an unwarranted recovery in an improper amount to the detriment of the remaining creditors of the Debtor's estate who have timely filed their claims.

**Reservation by the Liquidating Trustee**

18. The Liquidating Trustee hereby reserves the right to object in the future to any of the claims listed in this Omnibus Claim Objection on any additional ground, and to seek subordination of any of the claims listed in this Omnibus Claim Objection on any additional ground, and to amend, modify and/or supplement this Omnibus Claim Objection, including without limitation, to object to amended claims and newly-filed claims. Separate notice will be provided and a separate hearing will be scheduled for any such objection.

132578.01600/21796067v.3

## Notice

19.     The Liquidating Trustee or his agent will serve copies of this Omnibus Claim Objection on: (i) the Office of the United States Trustee, (ii) all parties that have requested such notice pursuant to Bankruptcy Rule 2002, and (iii) upon those claimants who have filed claims that may be affected by the Omnibus Claim Objection. The Liquidating Trustee submits that notice of this Omnibus Claim Objection is sufficient under Bankruptcy Rule 3007 and that no further notice is necessary.

## Miscellaneous

20.     No previous request for the relief set forth herein has been made to this or any other court.

21.     This Omnibus Claim Objection complies with Del.Bankr.LR 3007-1.

WHEREFORE, the Liquidating Trustee respectfully requests that the Bankruptcy Court enter an Order, substantially in the form attached hereto, disallowing the Disputed Claims and granting such other and further relief as is just and proper.

Dated: September 18, 2009

BLANK ROME LLP

*/s/ David W. Carickhoff*
David W. Carickhoff (DE Bar No. 3715)
1201 Market Street, Suite 800
Wilmington, DE 19801
Telephone: (302) 425-6400
Facsimile: (302) 425-6464

Michael B. Schaedle
Josef W. Mintz
Gregory F. Vizza
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Telephone: (215) 569-5500
Facsimile: (215) 569-5555

Counsel to the Liquidating Trustee