IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In Re:                                              :
                                                    :   Case No. 07-10146 (PJW)
MORTGAGE LENDERS NETWORK USA                        :
INC.,                                               :
                                                    :   Chapter 11
            Debtor.                                 :
                                                    :

# OBJECTION TO DEBTOR'S MOTION FOR AN ORDER (I) AUTHORIZING THE ABANDONMENT AND DESTRUCTION OF CERTAIN RECORDS; AND (II) RELEASING AND EXCULPATING THE LIQUIDATING TRUSTEE AND THE MLN TRUST FROM FUTURE OBLIGATIONS TO RESPOND TO SUBPOENAS AND OTHER REQUESTS CONCERNING SUCH RECORDS

The United States, on behalf of certain U.S. Attorney's Offices and federal law enforcement agencies, by and through the undersigned counsel (the "Government"), hereby objects (the "Objection"), to the Debtor's Motion for an order (I) authorizing the abandonment and destruction of certain records; and (II) releasing and exculpating the Liquidating Trustee and the MLN Trust (defined below) from future obligations to respond to subpoenas and other requests concerning such records.

The Motion provides insufficient notice of the documents at issue and it threatens to impair federal law enforcement efforts. Therefore, the Government respectfully requests that the Court deny the Motion and grant the Government an additional ninety (90) days to ascertain its potential interests in the documents and issue any appropriate subpoenas; alternatively, the Government requests that the Court require the Liquidating Trustee to implement a procedure of providing the Government with notice of the specific documents proposed to be destroyed and an

1

opportunity to respond and obtain any relevant documents prior to destruction, and in support thereof states as follows:

## BACKGROUND

1. On February 5, 2007, the Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

2. On December 19, 2008, the Debtor filed its First Amended Plan of Liquidation of Mortgage Lenders Network USA, Inc. under Chapter 11 of the Bankruptcy Code (the "Plan").

3. On February 3, 2009, the Court entered the Order Confirming the Plan (the "Confirmation Order"). Pursuant to the Plan, Section V.X., the Liquidating Trust shall retain dominion and control over the Debtor's books and records.

4. On January 6, 2011, the Liquidating Trustee filed the Motion, pursuant to which the Liquidating Trustee seeks the entry of an order: (i) authorizing him, in the exercise of his business judgment, to abandon and destroy the Records; and (ii) releasing and exculpating the Liquidating Trustee and the MLN Trust from the obligation to respond to future Requests concerning such Records.

5. The Motion provides that the Mortgage Lenders Network Liquidating Trust Agreement (the "Trust Agreement"), executed on June 10, 2009, governs the Liquidating Trustee's handling of the Records, and that Section 3.3(f) of the Trust Agreement provides:

> From and after the Effective Date, the Liquidating Trustee shall not destroy or otherwise abandon any documents and shall maintain the electronic data in the archives subject to further Order of the Court.

6. As the Court is well aware, the Debtor operated in a highly regulated industry which has come under intense scrutiny over the past few years. By the Liquidating Trustee's

own admission, the Debtor's loan files have been requested many times in connection with ongoing litigations.

7. It is unclear whether and when all interested federal and state regulators received notice of the Motion; however, several Government officials became aware of the Motion in the days following its filing and have attempted to identify federal interests in the documents at issue. As of the filing of this Objection, the undersigned has been informed that federal law enforcement records indicate that the Debtor's loans are the subject of many ongoing investigations. As a result, the Debtor's records, including but not limited to the loan files and loan related information in the Liquidating Trustee's possession, may be relevant to pending federal criminal investigations into mortgage fraud. The Government continues to ascertain its potential interests in the Debtor's records, and it will need additional time to complete its efforts in this regard.

8. The undersigned counsel reached out to counsel for the Liquidating Trustee to ascertain whether the parties might be able to resolve certain of the concerns raised herein on a consensual basis. The Liquidating Trustee's counsel has been responsive; however, the undersigned has not be able to obtain sufficient detail regarding the documents at issue to ascertain whether such documents may be relevant to the Government's ongoing law enforcement efforts.[1]

---

[1] The parties have continued to discuss the relief sought in the Motion through the afternoon of January 10, 2011, and, in light of the parties' discussions, counsel for the Liquidating Trustee agreed that it would not go forward with noticing the Motion on the Agenda of the January 24, 2011 Hearing until sometime after January 19, 2011 at 4:00 p.m., pending the parties' discussions, and the Debtors therefore allowed the Government and extension of time until January 19, 2011 at 4:00 p.m. to file this Objection.

9. Without further details regarding the particular documents proposed to be destroyed, the Government will require at least an additional ninety (90) days to complete its internal review and issue any appropriate subpoenas related to the Debtor's loans.

**OBJECTION**

10. The Government objects to the Motion because it threatens to harm ongoing law enforcement efforts. The additional time and expense that the Liquidating Trustee might incur in providing notice of the particular records to be destroyed to the Government, and providing the Government with sufficient time to issue subpoenas in connection with ongoing investigations, is warranted in light of the interests at stake. Furthermore, to the extent that the Liquidating Trustee seeks the extraordinary remedy of exculpation and releases from its obligations to respond to further document requests, the Government is not aware of any basis for such relief and the Motion should be denied.

### A. The Court Should Not Allow the Liquidating Trustee to Threaten Federal Law Enforcement Efforts in the Exercise of its Equity Powers.

11. The Motion relies on a debtor's ability to abandon property of the estate under Section 554 of the Bankruptcy Code, as well as the Court's equity powers under Section 105 of the Code. The Liquidating Trustee cites no caselaw for the assertion that Section 554 permits the destruction of documents by the MLN Trust, and in light of the strong Government interests implicated by the relief sought, the Court should not grant the Motion in the exercise of its equity powers.

12. Generally, a "trustee's power to abandon property is discretionary," and "[c]ourts defer to the trustee's judgment and place the burden on the party opposing the abandonment to

4

prove a benefit to the estate and an abuse of the trustee's discretion." *In re Slack*, 290 B.R. 282, 284 (Bankr. D.N.J. 2003). However, it is unclear whether Section 554 provides a basis for the Liquidating Trustee to destroy the Debtor's records. Unlike a debtor in bankruptcy, the Liquidating Trustee is a transferee of certain property of the Debtor, and it has specifically defined duties and obligations set forth in the Trust Agreement.

13. Even if Section 554 of the Code applies to the Liquidating Trustee, it is well settled that abandonment powers may not be exercised in violation of otherwise applicable federal and state laws. *In re Cult Awareness Network*, 205 B.R. 575, 579 (Bankr. N.D. Ill. 1997)("The only per se restriction on a trustee's power to abandon is that the trustee may not abandon property of the estate if to do so would violate state or federal law."); *see also Midlantic Nat'l Bank v. New Jersey Dep't of Environmental Protection*, 474 U.S. 494, 501 (1986) (Supreme Court affirmed the holding of the Third Circuit Court of Appeals that a trustee could not abandon certain property containing toxic waste in a manner that contravenes New Jersey environmental protection law, and Court explained that a "trustee [can]not exercise his abandonment power in violation of certain state and federal laws.").

14. In addition, the courts are not generally permitted to exercise their equitable authority under Section 105(a) of the Code in contravention of otherwise applicable federal and state laws. Section 105(a) of the Code authorizes bankruptcy courts to "fashion such orders as are required to further the substantive provisions of the Code," (*In re Morristown & E. R. Co.*, 885 F.2d 98, 100 (3d Cir. 1989)); however, Section 105(a) does not give the Court "the power to create substantive rights that would otherwise be unavailable under the Code." *Id.* In addition, the Court's power under Section 105(a) "should be exercised only where it is necessary or appropriate to implement the provisions of the Bankruptcy Code or where equity and substantial

justice requires." *In re Dunckle Associates, Inc.,* 19 B.R. 481, 486 (Bankr. E.D. Pa. 1982). Furthermore, "equity should contradict clear legal principles in only rare instances." *Id.*

15. The circumstances at hand do not present a rare instance in which the Court should exercise its equity powers to override principles of otherwise applicable law. The Government has apprised the Liquidating Trustee that the Government has interests that may be implicated by the Motion, and, as set forth in 18 U.S.C. §1519, a party is generally restricted from destroying documents that may be relevant to ongoing federal investigations.[2] 18 U.S.C. §1519 provides:

> Destruction, alteration, or falsification of records in Federal investigations and bankruptcy
>
> Whoever knowingly alters, destroys, mutilates, conceals, covers up, falsifies, or makes a false entry in any record, document, or tangible object with the intent to impede, obstruct, or influence the investigation or proper administration of any matter within the jurisdiction of any department or agency of the United States or any case filed under title 11, or in relation to or contemplation of any such matter or case, shall be fined under this title, imprisoned not more than 20 years, or both.

16. The courts have held that "[i]n comparison to other obstruction statutes, § 1519 by its terms does not require the defendant to be aware of a federal proceeding, or even that a proceeding be pending." *U.S. v. Ionia Mgmt. S.A.,* 526 F. Supp. 2d 319, 329 (D. Conn. 2007).

17. In addition, the Third Circuit Court of Appeals has indicated that a potential defendant in a federal criminal case should have the opportunity to examine records proposed to be destroyed by a bankruptcy debtor that relate to the criminal proceeding. *See U.S. v. Feldman,* 425 F.2d 688 fn.2 (3d Cir. 1970)(where a bankruptcy trustee recommended an investigation of

---

[2] In addition, the Government has an interest in enforcing potentially applicable regulatory restrictions on mortgage lenders. Without further notice, state agencies are also deprived of the opportunity to evaluate the applicability of state regulations. *See e.g.* 38 Ill Adm Code 1050.1176 (record retention regulations applicable to mortgage lenders in Illinois); C.G.S.A. 36a-493( record retention regulations applicable to mortgage lenders in Connecticut).

6

the debtor on the grounds of concealment of assets, and the trustee destroyed records in his possession without giving notice to the debtor, the court noted that "[a]t the least, [the government] should see that such records are offered to any potential defendant, with the clear admonition that prosecution is being considered, before they are destroyed."). The eight (8) business days between the filing of the Motion and the date of this Objection has not permitted the Government sufficient time to determine whether it has subpoenas pending and whether transactions have been identified in connection with which subpoenaed have not yet been issued. Therefore, the Motion should be denied, and the Government should be permitted an additional ninety (90) days to ascertain its need for the Debtor's records and issue any appropriate subpoenas.

18. Alternatively, the Government respectfully requests that the Court require the Liquidating Trustee to implement a procedure of providing notice of the specific documents proposed to be destroyed, with an opportunity for the Government to respond and/or issue subpoenas for the documents. At this time, the Government does not have adequate notice of the specific documents the Liquidating Trustee proposes to destroy, and, therefore, it cannot respond with specificity as to whether it has an interest in the preservation of such documents.

19. Although implementing such a notice procedure may result in an additional expense to the MLN Trust, the courts have held that the additional expense of preserving a bankruptcy debtor's property when such property should not be abandoned is appropriately allocated to the estate. *See In re Insilco Techs., Inc.*, 309 B.R. 111, 115 (Bankr. D. Del. 2004) (Court held "[w]hen abandonment is prohibited, the debtor is required to retain the property and maintain it in accordance with the law where the property is located," and the court held that costs of complying with state environmental laws "will be accorded administrative expense

7

treatment because the expenses incurred to remove the threat are necessary to preserve the estate.").

**B. The Liquidating Trustee and the MLN Trust have no Authority to Obtain the Extraordinary Relief of Exculpation and Broad Releases with Respect to the Obligation to Respond to Future Document Requests, Especially if Such Releases Purport to Impair the Grand Jury Subpoena Power.**

20. The Government objects to the request for exculpation and releases to the extent the Liquidating Trustee seeks relief from responding to any future Grand Jury subpoena. The Motion cites no basis upon which this Court can impinge on the Grand Jury subpoena power, and the Government is not aware of any such authority. An order granting this portion of the Motion could interfere with law enforcement efforts.

**WHEREFORE**, the Government respectfully requests that the Court (i) sustain the Objection; (ii) deny the relief requested in the Motion; and (iii) grant such other and further relief as is just and proper.

Dated: January 19, 2011

          Respectfully submitted,

          CHARLES M. OBERLY, III.
          United States Attorney

By:   */s/ Lauren M. McEvoy*
      Lauren M. McEvoy
      Assistant United States Attorney

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In Re:

MORTGAGE LENDERS NETWORK USA INC.,

  Debtor.

Case No. 07-10146 (PJW)

Chapter 11

ORDER

AND NOW, this ___ day of _____, 2011, upon consideration of the OBJECTION TO DEBTOR'S MOTION FOR AN ORDER (I) AUTHORIZING THE ABANDONMENT AND DESTRUCTION OF CERTAIN RECORDS; AND (II) RELEASING AND EXCULPATING THE LIQUIDATING TRUSTEE AND THE MLN TRUST FROM FUTURE OBLIGATIONS TO RESPOND TO SUBPOENAS AND OTHER REQUESTS CONCERNING SUCH RECORDS, it is ORDERED, that the Motion is DENIED.

Honorable Peter J. Walsh
United States Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

In Re:

MORTGAGE LENDERS NETWORK USA INC.,

    Debtor.

Case No. 07-10146 (PJW)

Chapter 11

## AFFIDAVIT OF SERVICE

I, Marie Steel, an employee in the Office of the United States Attorney for the District of Delaware, hereby attest under penalty of perjury that on January 19, 2011, a copy of the OBJECTION TO DEBTOR'S MOTION FOR AN ORDER (I) AUTHORIZING THE ABANDONMENT AND DESTRUCTION OF CERTAIN RECORDS; AND (II) RELEASING AND EXCULPATING THE LIQUIDATING TRUSTEE AND THE MLN TRUST FROM FUTURE OBLIGATIONS TO RESPOND TO SUBPOENAS AND OTHER REQUESTS CONCERNING SUCH RECORDS was served, electronically via ECF on the parties registered to receive notice thereby, and in accordance with the Notice of Motion, on the Liquidating Trustee via Email, Fax and FedEx overnight at the address below:

Blank Rome LLP
One Logan Square
130 N. 18th Street,
Philadelphia, PA 19103
Attn: Josef W. Mintz
Via facsimile (215) 832-5528
Email: Mintz@BlankRome.com
       Schaedle@BlankRome.com

*/s/ Marie Steel*

_____

Marie Steel