**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| MORTGAGE LENDERS NETWORK USA, INC. | |
| | Case No. 07-10146 (PJW) |
| Debtor. | Ref. Docket No. 3312 |

**CERTIFICATION OF COUNSEL RE: ENTRY OF FINAL DECREE**

On February 5, 2007 (the "Petition Date"), Mortgage Lenders Network USA, Inc. (the "Debtor") filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (as amended, the "Bankruptcy Code"), with the United States Bankruptcy Court for the District of Delaware (the "Court").

On February 3, 2009, the Court entered its order confirming the Debtors' First Amended Joint Plan of Liquidation of Mortgage Lenders Network USA, Inc. Under Chapter 11 of the Bankruptcy Code (the "Plan") (Docket No. 2414). The Plan became effective on June 10, 2009 (the "Effective Date"). On the Effective Date, the Mortgage Lenders Network Liquidating Trust Agreement (the "Trust Agreement") was executed, creating the Mortgage Lenders Network Liquidating Trust (the "MLN Trust") and appointing Neil F. Luria as Liquidating Trustee. The Trust Agreement also created an advisory committee for the MLN Trust (the "Trust Advisory Committee"). On the Effective Date, among other things, all assets of the Debtor were transferred to the MLN Trust.

Since the Effective Date, pursuant to the Plan, the Liquidating Trustee has managed all remaining claims reconciliation and adversary litigation pending in the Debtor's chapter 11 case and recovered and liquidated, by sale or otherwise additional assets (equipment, judgments, other claims and payment intangibles, and remnant assets and funds) for distribution to creditors. The

Liquidating Trustee filed numerous objections to hundreds of claims, including nine omnibus objections and several objections to individual claims on various grounds. The result was a reduction by more than forty three percent (43%) in the pool of unsecured claims, from over $350 million to approximately $198 million.

The Liquidating Trustee also reduced secured, administrative and priority claims by more than ninety five percent (95%), from over $88 million to a final total of approximately $3.9 million. Additionally, the MLN Trust has recovered over $4,644,886.00 in value from miscellaneous assets.

On June 24, 2011 the Liquidating Trustee filed his *Motion for an Order Approving (I) Final Distribution (II) Entry of Final Decree and Procedures in Connection Therewith, and (III) Related Relief* [Docket No. 3305] (the "Final Distribution Motion").

On July 19, 2011 the Court approved the Final Distribution Motion and entered an order (the "Final Distribution Order") [Docket No. 3312] that, among other things, authorized the Liquidating Trustee to make a final distribution to creditors and to seek the entry of a final decree in these chapter 11 cases upon a certification of counsel that (i) such distribution has been made, (ii) all outstanding fees owing to the United States Trustee have been paid in full and (iii) a final report was received by the United States Trustee.

Consistent with the Final Distribution Order, the Liquidating Trustee has made a final distribution to creditors in amounts set forth in Exhibit 1 hereto. The total amount distributed to creditors pursuant to the Final Distribution Order is $5,501,975. No further distributions will be made under the Plan because the dollar amount of an additional distribution would be so small that the cost of making such a distribution would exceed the distributable dollar amount. Accordingly, Pursuant to Article V.V of the Plan, the Liquidating Trustee will be making charitable donations with the undistributed funds.

2

28 U.S.C. § 1930(a)(6) requires a chapter 11 debtor to pay statutory quarterly fees to the United States Trustee until a final decree is entered administratively closing the case. The Liquidating Trustee has duly paid all U.S. Trustee fees due and payable on and following the Effective Date through the second quarter of 2012 and has submitted a final quarterly report to the United States Trustee. The Liquidating Trustee and has verified with the U.S. Trustee that no further fee or reporting obligations are due at this time.

The Plan has now been fully administered and consummated in that (i) all or substantially all property proposed by the Plan to be transferred has been transferred; (ii) payments under the Plan have been made; and (iii) all motions, contested matters, and adversary proceedings have been resolved.

No other remaining matters need to be completed to close these cases. Attached hereto as Exhibit 2 is the proposed order (the "Proposed Final Decree Order"), which has been approved by the Trust Advisory Committee as to form and contents, regarding the entry of a final decree in these cases.

*[Remainder of page intentionally left blank]*

WHEREFORE, the Liquidating Trustee respectfully requests that the Court enter the Final Decree Order annexed hereto as <u>Exhibit 2</u> granting the relief requested therein and such other and further relief as is just and proper.

Dated:  May 10, 2012
        Wilmington, Delaware

Respectfully submitted,

**BLANK ROME LLP**

    */s/ Josef W. Mintz*
David W. Carickhoff (DE 3715)
Josef W. Mintz (DE 5644)
1201 N. Market Street, Suite 800
Wilmington, DE 19801
(302) 425-6400
(302) 425-6464

-and-

Michael B. Schaedle
One Logan Square
130 N. 18th Street
Philadelphia, PA 19103
Telephone: (215) 569-5500
Facsimile: (215) 569-5555

*Counsel to the Liquidating Trustee*