**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| IN RE: | * | |
| MORTGAGE LENDERS NETWORK USA, INC., | * | Case No. 07-10146 PJW<br>Chapter 11 |
| Debtor(s). | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MOTION OF WILMINGTON SAVINGS FUND SOCIETY, FSB, d/b/a CHRISTIANA TRUST, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE OF THE BROUGHAM FUND I TRUST REQUESTING THAT THE CASE BE RE-OPENED AND THAT THE CHAPTER 11 TRUSTEE BE GRANTED AUTHORITY TO ASSIGN A CERTAIN MORTGAGE BETWEEN LEONARD M. CORTELLINO AND PAULINE A. CORTELLINO, AS MORTGAGORS, AND MORTGAGE LENDERS NETWORK USA, INC., AS MORTGAGEE TO WILMINGTON SAVINGS FUND SOCIETY, FSB, d/b/a CHRISTIANA TRUST, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE OF THE BROUGHAM FUND I TRUST**

Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not in its individual capacity but solely as Trustee of the Brougham Fund I Trust ("Movant"), by and through undersigned counsel, moves this Court (the "Motion") for an order authorizing the Chapter 11 Trustee to assign the mortgage recorded in the Androscoggin County Register of Deeds in the State of Maine in Book 6801, Page 45 (the "Mortgage") between Mortgage Lenders Network USA, Inc., ("MLN") and Leonard M. Cortellino and Pauline A. Cortellino ("Mortgagors") and in support thereof, Movant respectfully represents as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over the subject matter of this Motion Pursuant to 25 U.S.C. §1334(b). This is a core proceeding arising under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §1101 et seq. and the Court has authority to hear and determine within the meaning of 28 U.S.C. §157(b)(2)(A).

2. The statutory predicate for the relief sought herein is 11 U.S.C. §105. Venue before this Court is property pursuant to 28 U.S.C. §§1408 and 1409.

## FACTUAL BACKGROUND

3. On February 5, 2007 MLN commenced this case by filing a voluntary petition under Chapter 11 of Title 11 of the Bankruptcy Code.

4. On June 20, 2006 MLN and Mortgagors executed a Note and Mortgage in the amount of $293,250.00, which was secured by certain real property commonly known as 1 Buttonwood Lane, Lewiston, Maine 04240 ("Property"). The mortgage was recorded with the Androscoggin County Registry of Deeds at Book 6801 Page 45. A true and correct copy of the Mortgage and Note are attached hereto as Exhibit A.

5. The Mortgage was sold to Citimortage, Inc.

6. MERS, as nominee for MLN, executed an assignment of mortgage to Citimortgage, Inc. dated August 6, 2012, which was recorded in the Registry in Book 8467, Page 42 (the "MERS Assignment"). A copy of the assignment is attached hereto as Exhibit B.

7. The loan was sold to U.S. Bank National Association, as Trustee for PROF-2012-S1 Holding Trust I ("U.S. Bank").

8. Citimortgage, Inc. executed an assignment of mortgage to U.S. Bank dated May 6, 2013, which was recorded in the Registry in Book 8667, Page 275. A copy of the assignment to U.S. Bank is attached hereto as Exhibit C.

9. On or about August 8, 2014, the Mortgage was sold to Wilmington Savings Fund Society, not in its individual capacity but solely as Trustee for the PrimeStar-H Fund I Trust.

10. U.S. Bank assigned the Mortgage to Wilmington Savings Fund Society, not in its individual capacity but solely as Trustee for the PrimeStar-H Fund I Trust on December 23,

2014, which was recorded in the Registry in Book 9601, Page 216. A copy of the assignment is attached hereto as Exhibit D.

11. Wilmington Savings Fund Society, not in its individual capacity but solely as Trustee for the PrimeStar-H Fund I Trust assigned the Mortgage to Movant on October 26, 2016, which was recorded in the Registry in Book 9500, Page 26. A copy of the assignment is attached hereto as Exhibit E.

12. The Mortgage is in default and Movant wishes to initiate a foreclosure action.

13. Under Maine law, the MERS Assignment did not transfer ownership of the Mortgage with the right to enforce. *Bank of America v. Greenleaf,* 2014 ME 89, 17, 96 A.3d 700, 708.

13. On April 4, 2018 Movant requested an assignment form the Bankruptcy Trustee. A copy of the letter is attached hereto as Exhibit F.

14. On April 6, 2018 the Trustee advised that he no longer had authority to execute an assignment on behalf of MLN because the Bankruptcy case closed, and he was discharged of his duties as Trustee. A copy of the letter is attached hereto as Exhibit G.

15. On April 30, 2018 Movant requested from MLN's shareholders, Mitchell Heffernan and James Pedrick ("Shareholders"), an assignment of the Mortgage. A copy of the letter is attached hereto as Exhibit H.

16. This letter was received by the registered agent for MLN and the shareholders as evidenced by the return receipts attached hereto as Exhibit I.

17. There has been no response by MLN or the Shareholders.

18. Movant cannot initiate a foreclosure or exercise any of their rights under the Mortgage until this assignment is completed.

19. Movant seeks the entry of an Order re-opening the Bankruptcy case and authorizing the Trustee to execute an assignment of mortgage from MLN to Movant.

20. If the Trustee objects to the entry of an order which directs him to act with respect to the Mortgage for any reason, then Movant requests that the Court authorize Movant, or their designated agent, to execute the assignment on behalf of MLN.

21. Additionally, Movant seeks an Order authorizing the Trustee to execute any assignment of mortgage from MLN to correct a MERS assignment due to the holding in *Bank of America v. Greenleaf,* 2014 ME 89, 17, 96 A.3d 700, 708, whereby an assignment from MERS does not transfer ownership of the Mortgage with the right to enforce.

WHEREFORE, for the foregoing reasons, Movant respectfully requests that this Court enter an order in substantially the form attached hereto (i) re-opening the Bankruptcy case, (ii) re-appointing the Bankruptcy Trustee, (iii) authorizing the Chapter 11 Trustee to assign the Mortgage to Movant from MLNs or, in the alternative, authorize Movant, or their designated agent, to execute the assignment on behalf of MLN, (iv) authorizing the Chapter 11 Trustee to assign any Mortgage from MLN to correct a MERS assignment due to the holding in *Bank of America v. Greenleaf,* 2014 ME 89, 17, 96 A.3d 700, 708, whereby an assignment from MERS does not transfer ownership of the Mortgage with the right to enforce, and (v) granting such other relief as is just and proper.

Dated: 2/9/2022

Respectfully submitted,

Stern & Eisenberg Mid-Atlantic, PC

  */s/ Catherine Di Lorenzo*
Catherine Di Lorenzo  DE BAR# 5475
500 Creek View Road
Suite 304
Newark, DE 19711
(302) 731-7200
cdilorenzo@sterneisenberg.com

**File No.:  DE201700000236**