UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: ) | | |
| MORTGAGE LENDERS NETWORK, USA, INC ) | Case No. 07-10146 | |
| ) | | |
| Debtor ) | Chapter 11 | |
| ) | | |
| ) | | |
| WILMINGTON SAVINGS FUND SOCIETY, FSB ) | | |
| dba CHRISTIANA TRUST, NOT IN ITS INDIVIDUAL ) | | |
| CAPACITY BUT SOLELY AS TRUSTEE OF THE ) | | |
| BROUGHAM FUND I TRUST ) | | |
| ) | | |
| Movant ) | | |
| ) | ANSWER TO | |
| v. ) | MOTION TO REOPEN | |
| ) | | |
| MORTGAGE LENDERS NETWORK, USA, INC ) | | |
| ) | | |
| Respondent ) | | |

**RESPONSE TO MOTION OF WILMINGTON SAVINGS FUND SOCIETY, FSL, d/b/a CHRISTIANA TRUST, MOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE OF THE BROUGHAM FUND I TRUSTE REQUESTING THAT THE CASE BE RE-OPENED AND THAT THE CHAPTER 11 TRUSTEE BE GRANTED AUTHORITY TO ASSIGN A CERTAIN MORTGAGE BETWEEN LEONARD M. CORTELLINO AND PAULINE A. CORTELLINO, AS MORTGAGORS, AND MORTGAGE LENDERS NETWORK USA, INC., AS MORTGAGEE TO WILMINGTON SAVINGS FUND SOCIETY FBB, d/b/a CHRISTIANA TRUSTE, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLEY AS TRUSTEE OF THE BROUGHAM FUND I TRUST**

NOW COMES Leonard M. Cortellino & Pauline A. Cortellino ("the Cortellinos"), by and through undersigned counsel and answer Movant's Motion as follows:

1. The Cortellinos deny paragraph 1 of the Motion on the Grounds this Court does not have jurisdiction to correct contractual errors created by a now defunct mortgage company, which a down-stream company seeks to correct.

2. The Cortellinos deny paragraph 2 of the Motion.

3. The Cortellinos admit paragraph 3 of the Motion.

4. The Cortellinos deny 4 of the Motion[1]. It is not denied that certain documents were signed. It is denied that the result of those documents was an enforceable mortgage and note. It is admitted that certain documents were recorded in the Androscoggin County Registry of Deeds.

---

[1] Cortellinos will deny any paragraph that asserts that a true mortgage, under Maine law, was created. As such, no such alleged "mortgage" could be transferred to 3rd parties.

5. The Cortellinos deny paragraph 5 of the Motion.

6. The Cortellinos deny paragraph 6 of the Motion.

7. The Cortellinos deny paragraph 7 of the Motion.

8. The Cortellinos deny paragraph 8 of the Motion.

9. The Cortellinos deny paragraph 9 of the Motion.

10. The Cortellinos deny paragraph 10 of the Motion.

11. The Cortellinos deny paragraph 11 of the Motion.

12. The Cortellinos deny paragraph 12 of the Motion. (Denial is based on the assertion there was no actual mortgage created pursuant to Maine law.)

13. The Cortellinos admit paragraph 13 of the Motion, but deny that a lawful mortgage was ever created. (Exhibit "1" Memorandum of Law)

13. The Cortellinos are without sufficient information to admit or deny the allegations in the second paragraph 13 and therefore deny the same.

14. The Cortellinos are without sufficient information to admit or deny the allegations in paragraph 14 and therefore deny the same.

15. The Cortellinos are without sufficient information to admit or deny the allegations in paragraph 15 and therefore deny the same.

16. The Cortellinos are without sufficient information to admit or deny the allegations in paragraph 16 and therefore deny the same.

17. The Cortellinos are without sufficient information to admit or deny the allegations in paragraph 16 and therefore deny the same.

18. The Cortellinos admit that Movant is without legal basis to foreclose on the Cortellino property.

19. Paragraph 19 requires no answer. The requested relief should nonetheless be denied

20. Paragraph 20 requires no answer. The requested relief should nonetheless be denied..

21. Paragraph 21 requires no answer. The requested relief should nonetheless be denied.

22. Affirmative defenses (Plaintiff shall herein refer to Movant Mortgage Lenders Network USA.)
    a. Plaintiff's action is barred by Accord and Satisfaction.
    b. Plaintiff's action is barred by Res judicata.
    c. Plaintiff's action is barred by Comparative Fault.
    d. Plaintiff's action is barred by Statute of Limitations.
    e. Plaintiff's action is barred by Assumption of Risk.
    f. Plaintiff's action is barred by Estoppel.
    g. Plaintiff's action is barred by Release.
    h. Plaintiff's action is barred by Waiver.
    i. Plaintiff's action is barred by violation of law.

j.     Plaintiff's action is barred by laches.
k.     Plaintiff is not the owner of the debt.
l.     Plaintiff is not a mortgagee of Defendant(s) (the Cortellinos).
m.     Plaintiff failed to provide proper notice of default.
n.     Plaintiff failed to comply with Maine's requirements to seek default of a mortgage.
o.     Plaintiff's action seeks a remedy not available at law.
p.     Plaintiff's action seeks authority to engage in actions that could affect tens of thousands of mortgage that were improperly formed, without notifying any (other than the Cortellinos) other party of the possible impact of a decision in Plaintiff's favor.

WHEREFORE, the Cortellinos respectfully request Movant's Motion be denied, that they be awarded attorney fees and costs and for such further and other relief as the court deems just and appropriate under the circumstances of this case.

Dated : 2/28/22

/s/ Tiffany Poole, Esq.
Tiffany A. Poole, Esq., Bar No.3860
Poole, Mensinger, Cutrona & Ellsworth-Aults
2710 Centerville Road, Suite 101
Wilmington, DE 19808
(302)428-0100
*Attorney for Leonard & Pauline Cortellino*